UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

DAVID RAMIREZ
and other similarly-situated individuals,

      Plaintiff,

v.

LAWN WIZARD USA, INC.,
TROPICAL GROWERS USA, INC.
and JOHN LONGO, individually.

      Defendants.

_____/

## **COMPLAINT**

### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW the Plaintiff DAVID RAMIREZ, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants LAWN WIZARD USA, INC., TROPICAL GROWERS USA INC., and JOHN LONGO individually and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§1332 and 1367.

2. Plaintiff DAVID RAMIREZ is a resident of Oakland Park, Broward County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendants LAWN WIZARD USA, INC., and TROPICAL GROWERS USA INC., are Florida corporations which have their place of business within the jurisdiction of this Court. At all times material hereto Defendants were and are engaged in interstate commerce.

4. Defendants LAWN WIZARD USA, INC., TROPICAL GROWERS USA INC., are a joint enterprise pursuant to 29 CFR 791.2.

5. The individual Defendant JOHN LONGO was and is now, director and/or owner of Defendant Corporations LAWN WIZARD USA, INC., TROPICAL GROWERS USA INC.

6. All the action raised in this complaint took place in Broward County Florida, within the jurisdiction of this Court.

<u>ALLEGATIONS COMMON TO ALL COUNTS</u>

7. This cause of action is brought by Plaintiff as a collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after February 01, 2013 (the "material time") without being compensated minimum and overtime wages pursuant to the FLSA.

8. Plaintiff DAVID RAMIREZ, and all others similarly situated individuals were victims of Defendants' common policy and practices which enabled them to violate the minimum wage and overtime provisions of the Fair Labor Standards Act.

9. Corporate Defendants LAWN WIZARD USA, INC., and TROPICAL GROWERS USA INC., are landscaping and lawn maintenance companies.

10. Corporate Defendants are under common ownership, they performed related activities, through a unified operation, and for a common business purpose. **See composite Exhibit "A".**

11. Corporate Defendants are a joint-enterprise corporation who act directly or indirectly in the interests of one another.

12. Corporate Defendants' business practices are not completely disassociated with respect to the employment of their employees. Defendants share control of their employees.

13. Because the work performed by Plaintiff and other similarly-situated individuals, simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants are the joint employers of Plaintiff and other similarly situated employees under the FLSA' broad definition of "employer", (29 U.S.C. §203 (d)).

14. Pursuant to 29 CFR 791.2 Defendants LAWN WIZARD USA, INC., TROPICAL GROWERS USA INC. (hereinafter Defendants) are joint employers with respect to their employment of Plaintiff, and others similarly situated, and are jointly liable for Plaintiff's damages.

15. Defendants employed Plaintiff DAVID RAMIREZ as an hourly employee, from approximately February 01, 2013 through November 15, 2013, or 41 weeks. Plaintiff was absent for a period of approximately 8 weeks, which reduces his relevant workweeks to 33 weeks. Plaintiff was paid an average of $11.50 an hour.

16. At all times hereto, Plaintiff was employed by Defendant as a landscaping worker, performing general non-exempt work.

17. During his employment period with Defendant, Plaintiff worked an average of Forty Seven and a half (47.5) hours per week. Plaintiff was paid for 40 hours or less weekly, but he was not paid for overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of FLSA provisions.

18. Plaintiff regular schedule was from 8:00 AM to 5:00 PM with a 1 lunch hour. However, Plaintiff began to work at 6:30 AM every day. Plaintiff was not allowed to punch in and out. Supervisor Antony LNU, following orders from owner/director JOHN LONGO punched in and out all employees' timecards, at 8:00 AM.

19. Plaintiff and other similarly situated employees were paid with checks. The checks were not accompanied by any paystubs or records providing information regarding any accounting of hours worked, classification of the employee's labor, or withholdings of employment taxes.

20. Plaintiff complained many times about the practice of not allowing him to punch in and punch out his own timecard. He complained also about missing hours in every paycheck, but he always received the same answer from Supervisor Antony: "I just follow orders from Mr. Longo". Then Plaintiff complained to JOHN LONGO, and he was told, "you have to talk to Antony".

21. On or about November 14, 2013, Plaintiff suffered a work related injury. Plaintiff reported the accident to Defendant JOHN LONGO, who sent him home. The next day, when Plaintiff showed up to pick up his weekly check, Plaintiff was confronted by JOHN LONGO who falsely accused him of stealing and fired him. Defendant JOHN LONGO refused to pay Plaintiff for his last workweek and for his first week of employment, which Defendants kept as a "deposit".

22. Plaintiff alleges that he was falsely accused of stealing, and that he was fired, in retaliation for his continuous complains about missing hours, and in retaliation for his request for benefits under the Florida Workers Compensation Law.

23. Plaintiff DAVID RAMIREZ filed a "Petition for Benefits" under the Workers Compensation system, and now he seeks to recover for his 2 unpaid workweeks or $920.00 ($460.00 each week) plus any overtime wages, and retaliatory damages as allowable by law.

24. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum wages and overtime at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 above as if set out in full herein.

26. This cause of action is brought by Plaintiff DAVID RAMIREZ as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after

February 01, 2013,  (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

27. Pursuant to 29 CFR 791.2 Defendants LAWN WIZARD USA, INC., TROPICAL GROWERS USA INC. (collectively Defendants), are joint employers with respect to their employment of Plaintiff, and others similarly situated, and are jointly liable for Plaintiff's damages.

28. Defendants LAWN WIZARD USA, INC., and TROPICAL GROWERS USA INC., were and are engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).  Defendants are landscaping companies that have more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently ordered equipment and supplies produced or originated out of state. Upon information and belief, the annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.  Therefore there is enterprise coverage.

29. Plaintiff and those similarly-situated, were employed by an enterprise engage in interstate commerce and through her daily activities, Plaintiff and those similarly-situated regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business, and additionally, by improving and maintaining public buildings. Therefore, there is individual coverage.

30. Defendants employed plaintiff DAVID RAMIREZ as a non-exempt hourly employee from approximately February 01, 2013 through November 15, 2013. Plaintiff's hourly rate was an average of $11.50 an hour.

31. During his time of employment with Defendants, Plaintiff and those similarly-situated, regularly worked an average of more than 40 hours weekly without being compensated at the rate of time and one half of his regular rate of pay for every hour in excess of forty. However, Plaintiff and those similarly situated were paid for 40 hours or less. Plaintiff and those similarly-situated were not paid for all overtime hours worked in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

32. Plaintiff DAVID RAMIREZ, and those similarly-situated, were scheduled to work 40 hours per week, but Plaintiff and those similarly-situated were required to work off the clock a substantial number of hours every week during all their time of employment, because the management handled the time cards and punched in and out employees' timecards.

33. In fact, Plaintiff worked an average of 47.5 hours during 5 days, and twice a month he worked on Saturdays an additional of 9.5 hours or 57 hours weekly. This means that if Plaintiff's relevant weeks of employment were 33, Plaintiff worked 16 weeks of 47.5 hours and 17 weeks of 57 hours.

34. Plaintiff and other similarly situated employees were paid with checks. The checks were not accompanied by any paystubs or records providing information regarding any accounting of hours worked or classification of the employee's labor withholdings of employment taxes.

35. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief,

Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees.

36. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

37. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid off the clock overtime wages is as follows:

    a. <u>Total amount of alleged half-time unpaid O/T wages</u>:

       Seven Thousand Fifty Five Dollars and 33/100 ($7,055.33)

    b. <u>Calculation of such wages</u>:
       Total weeks of employment: 41 weeks
       Relevant weeks of employment: 33 weeks
       Regular rate: $11.50 an hour x 1.5 = $17.25 O/T rate

       i. 16 weeks of 47.5 hours weekly

         $17.25 O/T rate x 7.50 hrs. = $129.38 x 16 weeks = $2,070.08

       ii. 17 weeks of 57 hours weekly

         $17.25 O/T rate x 17 hrs. = $293.25 x 17 weeks = $4,985.25

       Total Overtime: $7,055.33

    c. <u>Nature of wages (e.g. overtime or straight time)</u>:

       This amount represents unpaid overtime wages.

38. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

39. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

40. At the times mentioned individual Defendant JOHN LONGO was the director/owner of corporate Defendants LAWN WIZARD USA, INC., and TROPICAL GROWERS USA INC., Defendant JOHN LONGO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of corporate Defendants in relation to the employees of Defendants, including Plaintiff and others similarly situated. Defendant JOHN LONGO had operational control of the business, provided Plaintiff and other similarly situated employees with their work schedule, and is jointly liable for Plaintiff's damages.

41. Defendants LAWN WIZARD USA, INC., and TROPICAL GROWERS USA INC., and JOHN LONGO willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

42. Plaintiff seeks to recover his unpaid overtime wages accumulated during his time of employment with Defendants as allowable by law.

43. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff DAVID RAMIREZ and other similarly-situated individuals and against the Defendants LAWN WIZARD USA, INC., TROPICAL GROWERS USA INC., and JOHN LONGO  on the basis of Defendants willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff DAVID RAMIREZ actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:
## FAILURE TO PAY MINIMUM WAGE

44. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 of this complaint as if set out in full herein.

45. Pursuant to 29 CFR 791.2 Defendants LAWN WIZARD USA, INC., and TROPICAL GROWERS USA INC. (collectively Defendants), are joint employers with respect to their employment of Plaintiff, and others similarly situated, and are jointly liable for Plaintiff's damages.

46. Defendants LAWN WIZARD USA, INC., and TROPICAL GROWERS USA INC., were and are engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendants are landscaping companies that have more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently ordered equipment and supplies produced or originated out of state. Upon information and belief, the annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies. Therefore there is enterprise coverage.

47. Plaintiff and those similarly-situated, were employed by an enterprise engage in interstate commerce and through her daily activities, Plaintiff and those similarly-situated regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business, and additionally, by improving and maintaining public buildings. Therefore, there is individual coverage.

48. This action is brought by Plaintiff DAVID RAMIREZ and those similarly-situated to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

   (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

   (B) $6.55 an hour, beginning 12 months after that 60th day; and

   (C) $7.25 an hour, beginning 24 months after that 60th day.

49. Defendants employed plaintiff DAVID RAMIREZ as a non-exempt hourly employee from approximately February 01, 2013 through November 15, 2013. Plaintiff's hourly rate was an average of $11.50 an hour.

50. During Plaintiff DAVID RAMIREZ'S relevant employment period, he was paid $11.50 an hour; Plaintiff worked an average of 47.5 and 57 hours weekly. However, he was paid for only 40 hours. Plaintiff was not paid minimum wages for every hour that he worked in excess of 40. There are a substantial number of hours that were not paid at the minimum wage as established by law.

51. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief,

Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class, since management did not allow employees to punch in and out their own timecards. Employees worked off the clock, in order to reflect fewer hours worked.

52. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

53. As a direct result of this practice, Plaintiff and many employees similarly situated, were not paid even the minimum wages for every hour worked, as established by law.

54. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    a. <u>Total amount of alleged half-time unpaid O/T wages:</u>

       Three Thousand Five Hundred Forty Five Dollars and 25/100 ($3,545.25)

    b. <u>Calculation of such wages:</u>
       Total weeks of employment: 41 weeks
       Relevant weeks of employment: 33 weeks

       Federal Minimum Wage 2013: $7.25

         i. 16 weeks of 47.5 hours weekly

          $7.25 Min. wage rate x 7.50 hrs. = $54.38 x 16 weeks = $870.00

         ii. 17 weeks of 57 hours weekly

          $7.25 Min. wage rate x 17 hrs. = $123.25 x 17 weeks = $2,095.25

         iii. 2 unpaid weeks of 40 hours paid = 16 hours

          $7.25 Min. Wage x 40 hrs. = $290.00 x 2 weeks = $580.00

       Total Federal unpaid minimum wage: $3,545.25

c. Nature of wages (e.g. overtime or straight time):

This amount represents unpaid Federal minimum wages.

55. Plaintiff was not paid for a substantial number of hours during the relevant period. Therefore, Defendants unlawfully failed to pay minimum wages to Plaintiff.

56. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

57. At the times mentioned individual Defendant JOHN LONGO was the director/owner of corporate Defendants LAWN WIZARD USA, INC., and TROPICAL GROWERS USA INC., Defendant JOHN LONGO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of corporate Defendants in relation to the employees of Defendants, including Plaintiff and others similarly situated. Defendant JOHN LONGO had operational control of the business, provided Plaintiff and other similarly situated employees with their work schedule, and is jointly liable for Plaintiff's damages.

58. Defendants LAWN WIZARD USA, INC., and TROPICAL GROWERS USA INC., JOHN LONGO willfully and intentionally refused to pay Plaintiff DAVID RAMIREZ and all other similarly situated employees, minimum wages as required by the law of the United States and remain owing Plaintiff and those similarly situated these minimum

wages since the commencement of Plaintiff's employment with Defendants as set forth above.

59. Plaintiff and other similarly situated employees seek to recover for minimum wage violations accumulated for the relevant time of employment and/or from 3 (three) years from the date of the filing of this complaint.

60. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff DAVID RAMIREZ and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff DAVID RAMIREZ and other similarly-situated and against the Defendants LAWN WIZARD USA, INC., TROPICAL GROWERS USA INC., and JOHN LONGO on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff DAVID RAMIREZ actual damages in the amount shown to be due for unpaid minimum wages for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

**COUNT III:**
**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**
**RETALIATORY DISCHARGE**

61. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-60 of this complaint as if set out in full herein.

62. This action arises under the laws of the United States.

63. 29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)].

64. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

65. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

66. Defendants' business activities involve those to which the Fair Labor Standards Act applies. The Defendants LAWN WIZARD USA, INC., and TROPICAL GROWERS USA INC., provides landscaping and lawn maintenance services and through their business activities, affect interstate commerce.

67. Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements. Plaintiff worked as a landscaping employee. Plaintiff through his daily activities not only regularly, handled, or otherwise worked on goods and/or materials that have been moved in or produce for commerce, but he was

engaged in activities directed to the improvement of the public facilities. Therefore, there is FLSA individual coverage.

68. Defendants LAWN WIZARD USA, INC., and TROPICAL GROWERS USA INC., employed Plaintiff DAVID RAMIREZ from approximately February 01, 2013 through November 15, 2013.

69. During his time of employment with Defendants Plaintiff worked more than 40 hours per week for Defendants without receiving overtime payment at the rate of one and a half his regular rate.

70. Supervisor Antony LNU did not allowed Plaintiff to punch in and punch out. Plaintiff showed up for work at 6:30, but the Supervisor punched Plaintiff's timecard at 8:00 AM. Plaintiff was required to work off-the clock each and every day. Plaintiff complained about missing overtime hours to both Supervisor Antony and owner/director JOHN LONGO multiple times. Plaintiff complained many times about the practice of not allowing him to punch in and punch out his own timecard. He complained also about missing hours in every paycheck, but he always received the same answer from Supervisor Antony: "I just follow orders from Mr. Longo". Then Plaintiff complained to JOHN LONGO, and he was told, "you have to talk to Antony".

71. On or about November 8, 2013, upon receiving his weekly payment, Plaintiff complained about overtime payment and missing hours for the last time, to JOHN LONGO.

72. These complaints constituted protected activity under the Fair Labor Standards Act.

73. On or about November 14, Plaintiff suffered a work related injury, he reported the injury to JOHN LONGO, who sent him home.

74. The next day Plaintiff showed up to pick up his check, but and he was accused by JOHN LONGO of stealing some company's material. JOHN LONGO fired Plaintiff and he did not pay him his workweek and the first week that Defendants kept as "deposit".

75. As a result the protected activity exercised by Plaintiff, Defendants fired him using pre-textual and defamatory reasons.

76. Plaintiff's complains for unpaid overtime wages was one of the reasons for his termination. At all time during his employment with Defendants, Plaintiff performed his duties satisfactorily.

77. The Defendants' retaliatory termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

78. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff DAVID RAMIREZ respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants LAWN WIZARD USA, INC., TROPICAL GROWERS USA INC., and JOHN LONGO that Plaintiff DAVID RAMIREZ recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants LAWN WIZARD USA, INC., TROPICAL GROWERS USA INC., and JOHN LONGO to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff DAVID RAMIREZ further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff DAVID RAMIREZ demands trial by jury of all issues triable as of right by jury.

**<u>COUNT IV:</u>**
**<u>STATUTORY VIOLATIONS OF FLORIDA'S MINIMUM WAGE ACT</u>**

79. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 of this complaint as is set out in full herein.

80. This action is brought by Plaintiff DAVID RAMIREZ to recover from the Employers LAWN WIZARD USA, INC., and TROPICAL GROWERS USA INC., unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of Title XXXI, Chapter 448.110 (Florida Minimum Wage Act) and Fla. Const. art X section 24.

81. The Florida Minimum Wage Act states "… employers shall pay employees a minimum wage at an hourly rate of $7.25 for all hours worked in Florida. Title XXXI, Chapter 448.110.

82. Pursuant to 29 CFR 791.2 Defendants LAWN WIZARD USA, INC., and TROPICAL GROWERS USA INC. (collectively Defendants), are joint employers with respect to their employment of Plaintiff, and others similarly situated, and are jointly liable for Plaintiff's damages.

83. Defendants employed Plaintiff DAVID RAMIREZ from approximately February 01, 2013 through November 15, 2013. Plaintiff was paid $11.50 an hour.

84. During his employment with Defendants, Plaintiff worked an average of 47.5 and 57 hours per week. However, he was compensated for only 40 hours. Plaintiff was not paid for all the hours that he worked in a week even at the minimum wage rate as mandated by the Florida Minimum Wage Act.

85. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees, since the management did not allowed employees to punch in and out their own timecards in order to reflect fewer hours worked.

86. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    a. <u>Total amount of alleged unpaid wages</u>:

      Three Thousand Eight Hundred Nine Dollars and 39/100 ($3,809.39)

    b. <u>Calculation of such wages</u>:
      Total weeks of employment: 41 weeks
      Relevant weeks of employment: 33 weeks

      Federal Minimum Wage 2013: $7.79

        i. 16 weeks of 47.5 hours weekly

          $7.79 Min. wage rate x 7.50 hrs. = $58.43 x 16 weeks = $934.88

        ii. 17 weeks of 57 hours weekly

$7.79 Min. wage rate x 17 hrs. = $132.43 x 17 weeks = $2,251.31

    iii.  2 unpaid weeks of 40 hours paid = 16 hours

$7.79 Min. Wage x 40 hrs. = $311.60 x 2 weeks = $623.20

Total Unpaid Florida Minimum Wage:  $3,809.39

    c.  <u>Nature of wages</u>:

This amount represents unpaid Florida Minimum Wages.

87. Defendants LAWN WIZARD USA, INC., TROPICAL GROWERS USA INC., knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Florida Minimum Wage Act and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

88. At the times mentioned, Defendant JOHN LONGO, and is now, the director and/or owner of Defendants corporations LAWN WIZARD USA, INC., and TROPICAL GROWERS USA INC.  According to <u>Section 24, Art. X of the Florida State Constitution</u>, the terms "Employer," "Employee" and "Wage" shall have the meanings established under the Federal Fair Labor Standards Act (FLSA) and its implementing regulations. Therefore, Defendant JOHN LONGO was the employer of Plaintiff within the meaning of the Florida Minimum Wage act pursuant to Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendants employers. Defendant JOHN LONGO had operational control of the businesses, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

89. Defendants LAWN WIZARD USA, INC., TROPICAL GROWERS USA INC., and JOHN LONGO willfully and intentionally refused to pay Plaintiff minimum wages as required by the laws of Florida as set forth above and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

90. Plaintiff seeks to recover for unpaid minimum wages accumulated for the time allowable by law.

91. Pursuant to Fla. Stat. 448.110, Plaintiff DAVID RAMIREZ has provided Defendants with notice of Plaintiff's minimum wage claims (i.e. the minimum wage to which Plaintiff claims entitlement, work dates for which payment is sought, and the approximate amount of alleged unpaid wages). See attached **Exhibit "B".**

92. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff DAVID RAMIREZ respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants LAWN WIZARD USA, INC., TROPICAL GROWERS USA INC., and JOHN LONGO on the basis of Defendant's willful violations of the Florida Minimum Wage Act; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff DAVID RAMIREZ demands trial by jury of all issues triable as of right by jury.

<u>COUNT V:</u><br><u>STATUTORY VIOLATIONS OF FLORIDA'S MINIMUM WAGE ACT:</u><br><u>RETALIATORY DISCHARGE</u>

93. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 and 79-92 of this complaint as if set out in full herein.

94. This action is brought by Plaintiff DAVID RAMIREZ for the retaliatory discharge of Plaintiff, in violation of the provisions of the Florida Minimum Wage Act, Title XXXI, Chapter 448.109 (3)(a) and Article X, Section 24 (d) of the Florida Constitution.

95. The Florida Minimum Wage Act states "… employers shall pay employees a minimum wage at an hourly rate of $7.25 for all hours worked in Florida. Title XXXI, Chapter 448.110.

96. The Florida Minimum Wage Act, Florida Title XXXI, Chapter 448.109 (3)(a), establishes in pertinent part:

> "An employer may not retaliate against an employee for exercising his or her right to receive the minimum wage. Rights protected by the State Constitution include the right to:...."

97. Defendants LAWN WIZARD USA, INC., TROPICAL GROWERS USA INC. and JOHN LONGO employed Plaintiff as a landscaping employee from on or about February 01, 2013 through November 15, 2013.

98. Plaintiff worked an average of 47.5 and 57 hours weekly.  However, he was not paid for all hours worked, as required by the Florida Minimum Wage Act.

99. Plaintiff showed up for work at 6:30, but the Supervisor punched Plaintiff's timecard at 8:00 AM. Plaintiff was required to work off-the clock each and every day. Plaintiff complained about missing overtime hours to both Supervisor Antony and owner/director JOHN LONGO on multiple times, but he always received the same answer from Supervisor Antony: "I just follow orders from Mr. Longo"(the owner of the business), and when Plaintiff complained to JOHN LONGO, this individual used to answer: "you have to talk to Antony".

100.     On or about November 8, 2013, upon receiving his weekly payment, Plaintiff complained about overtime payment and missing hours, for the last time, to JOHN LONGO.

101.     These complaints constituted protected activity under the Fair Labor Standards Act.

102.     On or about November 14, Plaintiff suffered a work related injury, he reported the injury to JOHN LONGO, who sent him home.

103.     The next day Plaintiff showed up to pick up his weekly check, but he was falsely accused by JOHN LONGO of stealing some company's material.  JOHN LONGO fired Plaintiff and he did not pay him his workweek and the first week that Defendants kept as "deposit".

104.     As a result of the protected activity exercised by Plaintiff, Defendants wrongfully retaliated against Plaintiff DAVID RAMIREZ by firing him on or about November 15, 2013. Defendants used pre-textual and defamatory reasons.

105. Plaintiff's complains for unpaid overtime wages was one of the reasons for his termination. At all time during his employment with Defendants, Plaintiff performed his duties satisfactorily, Defendants had no valid reasons to fire Plaintiff.

106. Defendants LAWN WIZARD USA, INC., TROPICAL GROWERS USA INC. and JOHN LONGO  knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Florida Minimum Wage Act and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above

107. Defendants' conduct in response to protected activity violated The Florida Minimum Wage Act, Florida Title XXXI, Chapter 448.109 (3) (a). As a result of Defendants unlawful and retaliatory conduct as described above, Plaintiff suffered substantial damages.

108. Plaintiff seeks to recover for unpaid wages accumulated from the date of hiring to her last day of employment with Defendants.

109. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff DAVID RAMIREZ requests that this Honorable Court:

A. Enter judgment for Plaintiff DAVID RAMIREZ and against the Defendants LAWN WIZARD USA, INC., TROPICAL GROWERS USA INC. and JOHN LONGO on the basis of Defendants' willful violations of the Florida Minimum Wage Act; and

B. Injunctive relief against Defendants prohibiting Defendants from further violations of the Florida Minimum Wage Act as described above;

C. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages compensation for all the hours worked during his employment with Defendants with interest; and

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

E. Award Plaintiff reasonable attorneys' fees and costs of suit pursuant to Section 448.08 of the Florida Statutes.

F. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to State Law.

<u>JURY DEMAND</u>

Plaintiff DAVID RAMIREZ demands trial by jury of all issues triable as of right by jury.

**<u>COUNT V</u>**
**<u>RETALIATORY DISCHARGE AGAINST LAWN WIZARD USA, INC., TROPICAL GROWERS USA INC., PURSUANT TO F.S. 440.205</u>**

110.     At all times relevant, Plaintiff DAVID RAMIREZ was employed by the Defendants LAWN WIZARD USA, INC., and TROPICAL GROWERS USA INC. as a landscaping employee.

111.     On or about November 15, 2013, the Plaintiff suffered a work-related injury.

112.     While Plaintiff was unloading landscape equipment from a trailer, he slipped and fell injuring his left ankle.

113.     Plaintiff immediately reported the accident to his Supervisor and then to the owner of the business JOHN LONGO, who sent Plaintiff home to treat his injuries.

114.     The next day, Plaintiff while in pain, showed up to pick up his weekly check. However the owner of LAWN WIZARD USA, INC., and TROPICAL GROWERS USA

INC., JOHN LONGO, falsely accused Plaintiff of stealing some business' property, and fired him.

115.     Defendants, fired Plaintiff and did not pay him his wages and did not offered him any assistance under the Workers Compensation Law.

116.     The above-alleged injuries did require medical treatment. However, due to the conduct of Defendants, Plaintiff did not get the necessary medical treatment.

117.     Plaintiff put Defendants LAWN WIZARD USA, INC., and TROPICAL GROWERS USA INC. on notice of his accident and Defendants were aware of the injuries suffered by Plaintiff on November 14, 2013.

118.     When Plaintiff notified Defendants of his accident, he was asserting a valid claim for workers' compensation claim.

119.     Defendants chose to defame, threaten, intimidate, and then to terminate Plaintiff instead of informing and offering him his protected rights under the Florida Workers' Compensation Law.

120.     Defendants LAWN WIZARD USA, INC., and TROPICAL GROWERS USA INC., willingly refused to provide Plaintiff medical benefits under Workman's Compensation Law.

121.     Plaintiff's work prior to his discharge was satisfactory or more than satisfactory. One of the motivating factors which caused the Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq.  The Plaintiff's request for worker's compensation benefits as described above contributed to Defendant's decision to discharge Plaintiff.

122.    The Defendant's termination of the Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

123.    Plaintiff filed a Petition for Workers' Compensation Benefits on or about November 211, 2013. **See Exhibit "C".**

124.    By reason of Defendant's discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages, and has suffered emotional distress.

125.    The Defendant's conduct in discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights, so therefore Plaintiff is entitled to punitive damages.

126.    Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

WHEREFORE, the Plaintiff DAVID RAMIREZ respectfully requests judgment against the Defendant for all back wages from the date of constructive discharge to the present date and an equal amount of back wages as liquidated damages; costs; reinstatement and promotion; injunctive relief prohibiting the Defendant from wrongfully discharging in the manner described above; front wages; punitive damages; attorney's fees pursuant to Fla. Stat. § 57.105 and for any and all other relief that this Court may deem just and proper.

<u>JURY DEMAND</u>

Plaintiff DAVID RAMIREZ demands trial by jury of all issues triable as of right by jury.

DATED: March 07, 2014                              Respectfully submitted,
                                                   By: **_/s/ Zandro E. Palma_**
                                                   Florida Bar No.: 0024031
                                                   3100 South Dixie Highway, Suite 202
                                                   Miami, FL 33133
                                                   Telephone: (305) 446-1500
                                                   Facsimile:  (305) 446-1502
                                                   zep@thepalmalawgroup.com